John E. Cone, J.
Plaintiff moves for summary judgment in an action to declare that one Jennie Schwartz, also known as Jennie Grossman, in whose behalf the action is brought, is entitled, as the surviving spouse of Max Schwartz, to the right of interment for her body in the cemetery plot owned by Max Schwartz at the time of his death.
It is alleged by plaintiff that Jennie Schwartz is the surviving spouse of Max Schwartz who died on February 12, 1940 and that in 1944 she married one Charles Grossman who died on November 17, 1963. It is further alleged that Max Schwartz’ body is interred in one of the graves of an eight-grave plot in defendant’s cemetery; that Schwartz was the owner of said plot at the time of his death and that other than his own body no other bodies are interred therein; that during her marriage to Charles Grossman, Jennie Schwartz provided for the perpetual care of the grave of Max Schwartz and for a reserve grave in the plot; that Jennie Schwartz, now about 82 years of age, desires to be buried in one of said graves and that demand was made upon the defendant for such right but it was not granted.
Subdivision 7 of section 84 of the Membership Corporations Law, provides: ‘1 The surviving spouse shall have the right of interment for his or her body in a lot or tomb in which the deceased spouse was an owner or co-owner at the time of his or her death.”
*1070 The defendant asserts that the foregoing provision does not apply to interment of a person who remarries and subsequently becomes the surviving spouse of another. It is urged that a person cannot, in the light of the section, be a surviving spouse of two mates for if so the person would be entitled to more than one burial space which is against the spirit and intent of the law.
At the time of Schwartz’ death, his wife Jennie was the surviving spouse. That is all that the statute refers to, namely, “ The surviving spouse ”. Her rights to be interred in a grave in the plot accrued at such time. The fact that she remarried and was widowed for a second time is of no consequence in determining her status on the date of the death of her first husband. The court may interpret only where there is ambiguity. Where the language is clear, certain and unambiguous, there is no power for interpretation. That is the case here. Had the Legislature intended not to award a surviving spouse with rights of burial if years endowed him or her to be able to outlive a second spouse it could have plainly said so. The motion is granted.